Filed 4/7/23  Beltran v. Cruz CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| RAUL ANTHONY BELTRAN as Trustee, etc., et al, | C094157 |
| Plaintiffs and Respondents, | (Super. Ct. No. 34-2020-00280922-PR-TR-FRC) |
| v. | |
| BEATRICE CRUZ, | |
| Defendant and Appellant. | |

Appellant Beatrice Cruz's father executed an irrevocable trust, designating her brother, respondent Raul Anthony Beltran (Tony), as the sole trustee and beneficiary. The probate court entered an order confirming the trust and approving a settlement agreement between Tony and appellant's sister, respondent Linda Beltran concerning the validity of the trust.  Appellant afterwards filed a petition in opposition to the probate court's order.  The probate court summarily denied appellant's petition.

On appeal, appellant contends the probate court erred in denying her petition because Tony procured the trust by undue influence.  Appellant further argues the

1

settlement agreement should have provided for her, citing an oral agreement she had with Linda.[1] We conclude the probate court's order denying appellant's petition is not appealable and dismiss the appeal.

BACKGROUND

Appellant's father executed an irrevocable trust, designating Tony as the trustee and sole beneficiary of the trust. The trust explicitly disinherited appellant, Linda, and appellant's other brother Daniel.

After their father's passing, the three disinherited siblings disputed the validity of the trust. Respondents agreed to mediate the dispute. According to appellant, prior to the mediation, she, Daniel, and Linda agreed orally that they would divide any settlement payment from Tony equally. The three then attended the mediation. At the time, appellant believed Linda's attorney also represented her, and the settlement agreement would reflect her oral agreement with Linda.

Following the mediation, Linda entered into a written settlement agreement with Tony, whereby he agreed to pay Linda $100,000 from the proceeds of the sale of real property held by the trust, and Linda agreed not to challenge the validity of the trust. The settlement agreement contained an integration clause and explicitly excluded third party beneficiaries. Neither appellant nor Daniel was a party to the settlement agreement, and they did not receive any portion of the $100,000 settlement payment.

On June 17, 2020, Tony petitioned under Probate Code section 17200[2] for an order confirming the trust and approving the settlement agreement. The petition listed appellant as one of the persons entitled to notice and stated appropriate notice would be given. Appellant made no objection to the petition.

---

[1]    We refer to Linda Beltran and Daniel Beltran by their first names to avoid confusion, and mean no disrespect.

[2]    Undesignated statutory references are to the Probate Code.

The probate court held a hearing on the petition on September 15, 2020. Appellant received notice of the hearing, but as she later claimed, was unable to attend due to technical difficulties. On November 30, 2020, the probate court entered an order granting the petition. It is unclear from the record whether or when appellant was served a copy of this order. On December 16, 2020, appellant and Daniel filed a "Petition in Opposition To Order Confirming Irrevocable Trust and Petition for Order Approving Settlement Agreement." The petition claimed Tony procured the trust by undue influence and the settlement agreement failed to divide the payment according to their oral agreement with Linda. Appellant and Daniel requested the probate court to set aside the affirmation of the trust, to reconsider the settlement, and to prevent the trustee from disposing of the trust assets until the dispute is resolved. The probate court denied the petition on April 6, 2021. Appellant failed to appear at the hearing, and there is no record that her petition was served on all parties. Appellant filed a notice of appeal on May 6, 2021.

## DISCUSSION

Appellant challenges on appeal the probate court's April 6, 2021 order denying her petition. Appellant claims Tony exerted undue influence on her incompetent father in procuring the trust and argues the settlement agreement fails to include the earlier oral agreement appellant had with Linda and Daniel. We dismiss the appeal because the probate court's order is not appealable.[3]

It is settled law that there is no right to appeal from orders in probate proceedings except those expressly made appealable by the Probate Code. (Code Civ. Proc., § 904.1, subd. (a)(10); § 1304; *Estate of Martin* (1999) 72 Cal.App.4th 1438, 1441-1442.) "An

---

[3] Because respondents failed to file a brief on appeal, we decide the appeal on the record, the opening brief, and oral argument by appellant. (Cal. Rules of Court, rule 8.220(a)(2).)

3

order denying a motion for reconsideration is not among the orders made appealable by the Probate Code." (*Estate of Stoddart* (2004) 115 Cal.App.4th 1118, 1126.) This is because "to allow an appeal from an order denying a motion for reconsideration would be contrary to the Probate Code's purpose to foster the expeditious resolution of estate matters." (*Ibid.*; see § 17209 ["The administration of trusts is intended to proceed expeditiously and free of judicial intervention, subject to the jurisdiction of the court."].)

Here, after the probate court confirmed the trust and approved the settlement, appellant filed her petition, requesting the probate court to set aside its order. Despite appellant's choice of title, " '[t]he nature of a motion is determined by the nature of the relief sought, not by the label attached to it. The law is not a mere game of words.' " (*Sole Energy Co. v. Petrominerals Corp.* (2005) 128 Cal.App.4th 187, 193.) Thus, "regardless of the name, a motion asking the trial court to decide the same matter previously ruled on is a motion for reconsideration." (*Powell v. County of Orange* (2011) 197 Cal.App.4th 1573, 1577.) Because appellant's petition requested the probate court to reconsider its decision, we construe her petition as a motion for reconsideration. Such a motion is not appealable under the Probate Code, and we dismiss the appeal accordingly.

Appellant does not appeal the probate court's November 30, 2020 order. In any event, appellant has forfeited any claims of error regarding this order because she failed to timely object despite having notice of respondents' petition. (*Premier Medical Management Systems, Inc. v. California Ins. Guarantee Assn.* (2008) 163 Cal.App.4th 550, 564 ["Failure to raise specific challenges in the trial court forfeits the claim on appeal."].)

DISPOSITION

The appeal is dismissed. Because respondents did not file a brief and nothing in the record suggests they incurred any costs on appeal, no costs are awarded. (Cal. Rules of Court, rule 8.278(a)(5).)

4

                         \s\ ,
                         McADAM, J.*

We concur:


       \s\ ,
HULL, Acting P. J.


       \s\ ,
RENNER, J.

---

\*     Judge of the Yolo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

5